[Cite as *State v. Asadi-Ousley*, 2012-Ohio-106.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96668

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ASA ASADI-OUSLEY

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-537412, CR-537780, and CR-540397

**BEFORE:**   E. Gallagher, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   January 12, 2012
**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Vincent I. Pacetti
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

{¶ 1}   Defendant-appellant Asa Asadi-Ousley appeals convictions entered in the Cuyahoga County Court of Common Pleas.   Appellant argues that the trial court erred in accepting his guilty pleas without first determining his competency, failing to inform him of the effect of a guilty plea, imposing more than a minimum sentence without considering statutory criteria, and failing to assess court costs in open court.   For the following reasons we affirm in part,   reverse in part, and remand.

{¶ 2}   Appellant was indicted in three separate cases.   In CR-537412, appellant was charged with burglary in violation of R.C. 2911.12(A)(4) (Count 1) including a

one-year firearm specification pursuant to R.C. 2941.141(A), and having weapons while under disability in violation of R.C. 2923.13(A)(3) (Count 3). In CR-537780, appellant was charged with two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) (Counts 1 and 2), which included one- and three-year firearm specifications pursuant to R.C. 2941.141(A) and 2941.145(A), and two counts of kidnapping in violation of R.C. 2905.01(B)(2) (Counts 3 and 4), which included one- and three-year firearm specifications. In CR-540397, appellant was charged with burglary in violation of 2911.12(A)(1) (Count 1), theft in violation of R.C. 2913.02(A)(1) (Count 2), robbery in violation of R.C. 2911.02(A)(2) (Count 3), and kidnapping in violation of R.C. 2905.01(A)(2) (Count 4). Appellant initially pled not guilty to the charges.

{¶ 3} On September 10, 2010, at the request of appellant, the trial court referred him to the court psychiatric clinic for evaluation of his competence to stand trial and sanity at the time of the acts. On October 1, 2010 both the appellant and the state stipulated to the psychiatric reports which found appellant to be incompetent to stand trial at the time. The trial court referred appellant to North Coast Behavioral Healthcare System for restoration to competency.

{¶ 4} On December 27, 2010 appellant was ordered to be returned from North Coast Behavioral to stand trial. The record reflects that on February 7, 2011 both defense counsel and the state stipulated to December 21, 2010 psychiatric reports that

appellant was competent to stand trial and sane at the time of the acts.

{¶ 5} On February 7, 2011, pursuant to a plea agreement, the state moved to amend the indictment as follows.[1] In CR-537412, Count 1 was amended to delete the one-year firearm specification. Count 3 remained as indicted. In CR-537780, Count 1 was amended to delete the three-year firearm specification and Counts 2, 3 and 4 were dismissed. In CR-540397, Count 3 was amended to robbery in violation of R.C. 2911.02(A)(3) and Counts 1, 2 and 4 were nolled. Appellant pled guilty to the above counts as amended. Appellant was sentenced in CR-537412 to eighteen months on Count 1 and five years on Count 3. In CR-537780 appellant was sentenced to five years on Count 1 preceded by one year on the attached firearm specification. In CR-540397 appellant was sentenced to five years on Count 3. The trial court further ordered each of the appellant's terms to run concurrently to one another for an aggregate of six years in prison, followed by a mandatory period of five years postrelease control. The court also ordered appellant to pay restitution.

{¶ 6} Appellant's first assignment of error states:

{¶ 7} Defendant was denied due process of law when the court accepted defendant's pleas of guilty without first determining his competency.

---

[1]In addition to the court's journal entry regarding the parties' stipulation to appellant's competency, the trial court further noted that appellant had been found competent by North Coast Behavioral Healthcare System.

**{¶ 8}** Under Ohio law, "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. The conviction of an accused while he is not legally competent to stand trial violates due process of law." (Internal citations omitted.) *State v. Rubenstein,* 40 Ohio App.3d 57, 60, 531 N.E.2d 732 (8th Cir.1987).

**{¶ 9}** R.C. 2945.37(B) provides that the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue within 30 days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within 10 days after the filing of the report of the evaluation. R.C. 2945.37(C).

**{¶ 10}** This court, however, has held that, "[t]he competency issue is one that can be waived by the parties. A hearing is not required in all situations, only those where the competency issue is raised and maintained." *State v. Smith*, 8th Dist. No. 95505, 2011-Ohio-2400, at ¶5. In *Smith* we held that where a defendant stipulates to competency, a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency

established in R.C. 2945.37(G).[2]   Id. at ¶6.

**{¶ 11}** In the case sub judice, by stipulating to the psychiatric report, appellant conceded the competency issue and a further hearing was not required.   Appellant's first assignment of error is overruled.

**{¶ 12}** Appellant's second assignment of error states:

**{¶ 13}** "Defendant was denied due process of law when the court did not advise defendant concerning the effect of a plea of guilty."

**{¶ 14}** When accepting a plea of guilty in a felony case, the trial court is required to inform the defendant of the effect of the plea. Crim.R. 11(C)(2)(b); *State v. Jones*, 116 Ohio St.3d 211, 216, 2007-Ohio-6093, 877 N.E.2d 677.   Crim.R.11(B) defines a guilty plea as, "a complete admission of the defendant's guilt."

**{¶ 15}** "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *State v. Cardwell*, 8th Dist. No. 92796,

---

[2] We did recognize in *Smith* that "there may be situations where the defendant exhibits outward signs indicating the lack of competency that may necessitate a hearing regardless of any stipulation."   Smith at ¶5.   As in *Smith*, that issue is not present in the current case nor does the record contain any evidence that appellant exhibited any such signs.

2009-Ohio-6827, ¶26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). (Internal citations omitted.)

{¶ 16} The trial court's duty to inform the defendant of the effect of the plea is a nonconstitutional requirement of Crim.R. 11. *State v. Griggs*, 103 Ohio St.3d 85, 87, 2004-Ohio-4415, 814 N.E.2d 51, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). With respect to the nonconstitutional requirements of Crim.R. 11, as set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts shall consider whether there was substantial compliance with the rule. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶14-17. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id., citing *Nero*, 56 Ohio St.3d at 108.

{¶ 17} Furthermore, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*, at ¶17. The test for prejudice is whether the plea would have otherwise been made. Id.; see, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶32.

{¶ 18} In the present case, the record reveals that the trial court failed to strictly comply with Crim.R. 11(C)(2)(b) in that the court did not specifically ask appellant if he understood that his plea was a complete admission of his guilt. Nonetheless, the Ohio

Supreme Court has held that unless a defendant asserts "actual innocence" at the time of his guilty plea, he is "presumed to understand that he has completely admitted his guilt," and "a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *State v. Griggs*, 103 Ohio St.3d 85, 814 N.E.2d 51, syllabus; see, also, *State v. Taylor*, 8th Dist. No. 94569, 2010-Ohio-5607; *State v. Thomas*, 8th Dist. No. 94788, 2011-Ohio-214. Appellant did not assert "actual innocence" during his plea proceeding. Additionally, appellant offers no argument as to how he was prejudiced in any way by the trial court's failure to determine if he understood the effect of his guilty plea, nor is any prejudice apparent from the record.

{¶ 19} Appellant's second assignment of error is overruled.

{¶ 20} Appellant's third assignment of error states:

{¶ 21} "Defendant was denied due process of law when the court imposed more than a minimum sentence without considering statutory criteria."

{¶ 22} Appellant asserts that the trial court failed to properly consider the purposes and principles of felony sentencing contained in R.C. 2929.11 or the seriousness and recidivism factors of R.C. 2929.12.

{¶ 23} This court has recognized that we review felony sentences using the *Kalish* framework. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936, at ¶16. In *Kalish*, the Ohio Supreme

Court applied a two-prong approach to appellate review of felony sentences. Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶4 and ¶19.

{¶ 24} In the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G). "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at ¶11, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶100. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶13. As a result, the trial court must still consider these statutes when imposing a sentence. Id.

{¶ 25} R.C. 2929.11(A) provides that:

A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 26} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must

consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 27} The *Kalish* court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. *Kalish* at ¶17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 28} In the instant case, we do not find appellant's sentence to be contrary to law. The trial court sentenced appellant to concurrent sentences within the permissible statutory range for his convictions. In the sentencing journal entry, the trial court acknowledged that it had considered all factors of law and found that prison was consistent with the purposes of R.C. 2929.11. On these facts, we cannot conclude that his sentence is contrary to law.

{¶ 29} Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶4 and ¶19. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. at ¶19, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d

144 (1980).

{¶ 30} The trial court did not abuse its discretion in imposing a six year prison sentence in the present case. The trial court allowed appellant and his counsel to advocate a lighter sentence. The trial court noted certain mitigating circumstances in the case including the fact that appellant had no juvenile record, had never served a prison sentence, and one of the appellant's robbery victims chose not to appear. However, the trial court additionally noted that appellant committed the above offenses while on probation to the court for drug trafficking. The trial court additionally took notice of appellant's North Coast Behavioral Healthcare report which indicated that he suffered from a marijuana and cocaine dependency. Appellant himself attributed his actions in robbing a victim of an automobile at gunpoint, CR-537780, to cocaine usage. Finally the owner of the vehicle appellant stole described her fearfulness that appellant, prior to being apprehended, retained possession of her keys, including keys to her home. Her fears proved to be well founded as appellant did, in fact, return to her home from where he stole her car only two days prior and was apprehended by police at that time. We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. A review of the record indicates that the trial court also expressly stated that it had considered all factors of the law and found that prison was consistent with the purposes and principles of R.C. 2929.11. Accordingly, appellant's

third assignment of error is overruled.

**{¶ 31}** Appellant's fourth assignment of error states:

> Defendant was denied due process of law when the court did not assess court costs in open court and costs were assessed in the judgment entry.

**{¶ 32}** The state concedes the trial court erred in that its failure to address court costs during the sentencing hearing denied appellant the opportunity to seek a waiver of the payment of costs. Pursuant to *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the appropriate course in such an instance is a limited remand to the trial court to allow appellant to move the court for a waiver of the payment of court costs. Appellant's fourth assignment of error is sustained.

**{¶ 33}** Accordingly, we reverse the trial court's judgment as to costs and remand the case to the trial court for a limited hearing on the issue of court costs.

**{¶ 34}** The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR