[Cite as *State v. Jones*, 2016-Ohio-3060.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103383

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT LOUIS JONES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587834-A

**BEFORE:** Laster Mays, J., Jones, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 19, 2016

**ATTORNEY FOR APPELLANT**

Edward F. Borkowski, Jr.
P.O. Box 609151
Cleveland, Ohio 44109

**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By:   Oscar Albores
Cuyahoga County Assistant Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Robert Louis Jones ("Jones") appeals his guilty plea and sentence and asks this court to remand the matter to the trial court with an order to vacate the plea and hold a hearing on the issue of Jones's competency to stand trial. We affirm the trial court's decision.

{¶2} Jones pleaded guilty to three counts of importuning, a fifth-degree felony, in violation of R.C. 2907.07(D)(2); one count of attempted unlawful sexual conduct with a minor, a fifth-degree felony, in violation of R.C. 2923.02 and 2907.04(A); and one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24. Jones was sentenced to two years of community control and was determined to be a Tier II sex offender, requiring him to register in person every 180 days for 25 years.

I.     Facts

{¶3} After a year-long investigation, in which an undercover ICAC[1] officer, posing as a 15-year-old boy, had numerous online conversations with Jones, Jones and the undercover officer decided to meet for sexual activity. At that meeting, Jones was arrested and found to be in possession of electronic devices, a video camera, and a cell phone. During a police interview, Jones admitted that he brought the video camera to record the sexual activity with the 15-year-old boy and pornography on the electronic

---

[1] The Ohio Internet Crimes Against Children Task Force.

devices to show the boy.

{¶4} Jones was then indicted on eights counts including six counts of importuning, one count of attempted unlawful sexual conduct with a minor, and one count of possessing criminal tools. Jones filed a motion requesting a competency and sanity evaluation on August 6, 2014. At the first pretrial hearing, Jones was referred to the Court Psychiatric Clinic for an examination to determine his sanity at the time of the offense and his competency to stand trial. On September 5, 2014, Dr. James Rodio ("Dr. Rodio") conducted the sanity and competency evaluation. In a report dated September 10, 2014, Dr. Rodio opined that "Jones understands the nature and objectives of the proceedings against him and is capable of assisting in his defense." He also opined that "Jones was not suffering from a severe mental disease or defect at the time of the offense." In addition, Dr. Rodio opined that Jones "knew the wrongfulness of his actions." Dr. Rodio's reports were provided to the court, and both appellant and appellee stipulated to the reports on November 17, 2014.

{¶5} Jones pleaded guilty to five counts of the indictment and on July 16, 2015 was sentenced by the trial court. He filed this timely appeal and assigns one error for our review:

I.      The trial court erred by not holding a competency hearing.

## II.     Competency Hearing

{¶6} In Jones's sole assignment of error, he argues that the trial court erred by not holding a competency hearing because "under R.C. 2945.37(B), a trial court must hold a

hearing on the issue of a defendant's competency if the issue is raised prior to trial." *State v. Pennington*, 8th Dist. Cuyahoga No. 100964, 2014-Ohio-5426, ¶ 24.

{¶7} Pursuant to R.C. 2945.37(B), "In a criminal action in a court of common pleas, * * * the court, prosecutors, or defense may raise the issue of defendant's competence to stand trial. If the issue is raised before trial has commenced, the court shall hold a hearing on the issue as provided in this section." *State v. Macon*, 8th Dist. Cuyahoga No. 96618, 2012-Ohio-1828, ¶ 34. "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Almashni*, 8th Dist. Cuyahoga No. 92237, 2010-Ohio-898, ¶ 13, citing *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶8} The record indicates that Jones raised the issue of sanity and competency, and an evaluation was ordered. Dr. Rodio submitted a sanity evaluation as well as a competency evaluation, where he opined Jones to be both sane and competent. Jones incorrectly argues that the record is void of a competency evaluation report. However, the record submitted to this court contained a sanity, competency, and mitigation report. Jones also incorrectly asserts that Dr. Rodio indicated that Jones was autistic. In both his competency and sanity evaluation reports, Dr. Rodio stated that "Jones reports he was considered for a diagnosis of autism * * *." Dr. Rodio did not diagnose Jones with autism.

**{¶9}** In *Macon*, the defendant asserted that his rights were violated when he was convicted without having a competency hearing because he was illiterate. The court stated that illiteracy is not conclusive as to competency to stand trial. *See State v. Bays*, 2d Dist. Montgomery No. 95-CA-118, 1998 Ohio App. LEXIS 227 (Jan. 30, 1998) (holding that "[l]ow cognitive abilities do not necessarily render an individual incapable of understanding the nature of the proceeding against him or unable to assist in his defense * * *). *Macon* at ¶ 38. Jones stated that he was autistic, but we find that being autistic is not conclusive as to competency to stand trial. Additionally, Dr. Rodio opined that Jones understood the nature of the proceedings and "is capable in assisting in his defense."

**{¶10}** Furthermore, the state and Jones's counsel stipulated to the sanity and competency reports on November 17, 2014, prior to Jones pleading guilty. This court held in *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 96668, 2012-Ohio-106, ¶ 10, "that the competency issue is one that can be waived by the parties." "A hearing is not required in all situations, only those where the competency issue is raised and maintained." *Id.* "[W]here a defendant stipulates to competency, a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G)." *Id.*

**{¶11}** Jones argues that his counsel did not stipulate to the competency evaluation. We find that defense counsel did stipulate as the record indicated in the November 17, 2014 judgment entry. However, even if Jones did not stipulate to his competency, a

hearing was still not necessary. This court held in *Harris*, 8th Dist. Cuyahoga No. 102124, 2015-Ohio-5409, ¶ 12, "there is no question that where the issue of the defendant's competency to stand trial is raised prior to the trial, a competency hearing is mandatory." "However * * * failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency." *Macon* at ¶ 35. "[C]ompetency is assumed unless the record indicates otherwise." *Harris* at ¶ 12.

{¶12} The record indicated that Jones was competent to stand trial. Jones's dialogue with the court during his plea hearing did not show indicia of incompetency. Defendant disagreed with the Tier II registration because it was his first case. Defendant questioned his registry address when he stated he was homeless. Defense counsel indicated that Jones had the opportunity to go over all discovery before making his decision to plead. Furthermore, defense counsel stated that Jones was "technological[ly] savvy" and determined to go back to school; he was determined to get a college degree. Thus, a competency hearing was not necessary. Appellant's assignment of error is overruled. The trial court's decision is affirmed.

{¶13} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., A.J., and
EILEEN A. GALLAGHER, J., CONCUR