[Cite as *State v. Smith*, 2011-Ohio-2400.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95505

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES SMITH

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-516223

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 19, 2011

**ATTORNEYS FOR APPELLANT**

Maureen Connors
Ann S. Vaughn
Connors & Vaughn
6000 Freedom Square Drive
Suite 165
Independence, OH    44131


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Kristin Karkutt
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Charles Smith appeals the decision of the Cuyahoga County Court of Common Pleas accepting Smith's guilty plea and sentencing him to 17 months on domestic violence and felonious assault charges in Case No. CR-516223. Smith argues that the trial court should have held a competency hearing prior to accepting his guilty plea. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} In a prior appeal, *State v. Smith*, Cuyahoga App. No. 92649, 2010-Ohio-154 ("*Smith I*"), this court vacated Smith's conviction on domestic violence and felonious assault charges and remanded for the limited purpose of holding a competency hearing pursuant to R.C. 2945.37. On October 21, 2008, Smith made an oral motion for a referral to the court's psychiatric clinic to evaluate his competency to stand trial, to determine his sanity at the time of the act, to determine the propriety of transferring the case to the mental health docket, and for a report on the psychiatric factors regarding disposition. The record did not reflect whether such a report was generated at the time of *Smith I*. The *Smith I* court found that the lack of a hearing on Smith's competency rendered the guilty plea invalid. The court remanded the case to hold the hearing required by R.C. 2945.37, specifically noting that "Smith's counsel did not waive the competency hearing or stipulate to a finding of competency." *Smith*, 2010-Ohio-154, at ¶ 11.

{¶ 3} On remand, the trial court held a pretrial on the record where Smith stipulated to the November 6, 2008 competency report, that he was competent to stand trial, and that he was sane at the time of the offense. On May 24, 2010, Smith pleaded guilty. We note that in contemplation of a plea, the trial court agreed to reduce the term of incarceration by one year. Smith timely appealed the second sentence with the current appeal. Smith's sole assignment of error reads as follows: "The trial court erred by failing to

conduct a competency hearing." That assignment of error is not well taken.

{¶ 4} Under Ohio law, "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. The conviction of an accused while he is not legally competent to stand trial violates due process of law." (Internal citations omitted.) *State v. Rubenstein* (1987), 40 Ohio App.3d 57, 60, 531 N.E.2d 732.

{¶ 5} In addition, R.C. 2945.37 provides that if the prosecutor or defendant raises the issue of competency before trial, the trial court must conduct a hearing to determine, upon the evidence submitted, whether the defendant is competent. The court must hold such a hearing "within thirty days after the issue is raised, unless the defendant has been referred for evaluation in which case the court shall conduct the hearing within ten days after the filing of the report of the evaluation." R.C. 2945.37(C). The competency issue is one that can be waived by the parties. A hearing is not required in all situations, only those where the competency issue is raised and maintained. We acknowledge that once the issue is raised, there may be situations where the defendant exhibits outward signs indicating the lack of competency that may necessitate a hearing regardless of any stipulation. That issue is not present in the current case. The record does not contain

any evidence that Smith exhibited any such signs.

{¶ 6} In the current case, the trial court held a pretrial on the record on May 4, 2010, with Smith and his counsel present, at which Smith and the prosecutor stipulated to the November 6, 2008 psychiatric report, Smith's sanity at the time of the offense, and Smith's competency to stand trial. The trial court accepted the stipulations and found the same. We note that at a subsequent pretrial held on May 24, 2010, Smith referred to the May 4th pretrial as the competency hearing. The trial court therefore complied with this court's mandate in *Smith I*. Smith's stipulation nullified the need to hold a hearing since a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G). By stipulating, Smith conceded the competency issue, in effect withdrawing any previously raised issues with his competency. Since his competency was no longer an issue, a further hearing was not required. Smith's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for

execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, J., CONCUR