[Cite as *State v. Fhiaras*, 2012-Ohio-3815.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97740**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GEORGE P. FHIARAS

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548928

**BEFORE:** Rocco, J., Blackmon, A.J., and Cooney J.

**RELEASED AND JOURNALIZED:** August 23, 2012

-i-

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio   44103-1125


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Holly Welsh
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant George Fhiaras appeals from his conviction for felonious assault with repeat violent offender specifications ("RVOs") and notices of prior convictions ("NPCs").

**{¶2}** Fhiaras presents nine assignments of error. He claims the lower court acted improperly in the following respects: (1) failing to conduct a hearing on Fhiaras's competency prior to proceeding to trial, (2) failing to prevent the victim from testifying that he would take a lie detector test, (3) permitting the state to offer evidence that Fhiaras declined to give a written statement about the incident to the police, (4) twice permitting the police detective to give opinions that bolstered the victim's testimony, (5) permitting cumulative error to permeate Fhiaras's trial, and (6) imposing a vindictive sentence. Fhiaras also claims his trial counsel rendered ineffective assistance by failing to object to improper testimony, and asserts that his conviction is not supported by the manifest weight of the evidence.

**{¶3}** Upon a review of the record, this court cannot find that any of the trial court's actions amounted to reversible error. Furthermore, the record supports a conclusion that trial counsel's performance met the standard of reasonable representation. The manifest weight of the evidence supports Fhiaras's conviction, and the sentence the trial court imposed is neither contrary to law nor amounts to an abuse of discretion. Consequently, Fhiaras's conviction and sentence are affirmed.

{¶4} The victim, Norbert Vaitekunas, stated he and Fhiaras had been friends for a number of years. The victim provided the following description of the incident that led to Fhiaras's conviction.

{¶5} On the afternoon of April 2, 2011, a mutual friend called the victim to request help as he and Fhiaras looked for the friend's missing dog. The victim drove the other men around a park area in Parma for a time before they discovered that the dog had been struck and killed by a car. At that point, the victim returned to the friend's house, where he and Fhiaras helped the friend bury the dog.

{¶6} As the victim and Fhiaras left the friend's house, Fhiaras offered to purchase some beer for the victim in exchange for the ride home. Fhiaras obtained two six-packs of beer that the men drank in Fhiaras's driveway. For several hours, they reminisced as they talked and drank. Their talk prompted the victim to use his cell phone to call someone they both knew. When the victim finished the phone conversation, Fhiaras suddenly struck him in the face with a beer bottle, then followed the surprise attack by lifting his left foot and kicking the victim's head.

{¶7} The victim next felt himself being dragged from the driver's seat. On the ground, the victim felt Fhiaras "stomping" him for several minutes. When the beating stopped, the victim somehow crawled into the passenger seat of his van.

{¶8} A neighbor heard the attack and called the Parma police. Upon their arrival at the scene, the officers found the victim sitting in his van, barely conscious, and covered

with blood. Fhiaras was at his front door attempting to gain entrance. Fhiaras's shoes and hands were bloody.

{¶9} The victim was transported to the emergency room, where he was treated for cuts and bruises on his face and bruises on his stomach, a fracture of his nose, and a ruptured eardrum. Fhiaras was arrested and transported to the police station.

{¶10} The case was assigned to Parma police detective Marty Compton. In investigating the case, Compton reviewed the photos the responding officers took at the scene, looked at the clothing Fhiaras wore when he was arrested, interviewed the victim, took photos of the victim's head and face, reviewed the victim's medical records relating to the incident, and, after ensuring that Fhiaras understood his "Miranda" rights, spoke to him.

{¶11} Fhiaras acknowledged the blood on his shoes and his clothing came from the victim. He told Compton that he did not assault the victim. Fhiaras stated that the victim arrived at Fhiaras's residence in a "bloody condition" and that he simply had attempted to help the victim.

{¶12} The Cuyahoga County Grand Jury subsequently indicted Fhiaras on two counts, charging him with kidnapping and felonious assault. Both charges contained RVOs and NPCs.

{¶13} Although Fhiaras executed jury waivers with respect to the RVOs and NPCs, his case otherwise proceeded to a jury trial. After considering the evidence, the jury

acquitted Fhiaras of kidnapping, but found him guilty of felonious assault. The trial court imposed a prison term that totaled twelve years for Fhiaras's conviction.

{¶14} Fhiaras appeals from his conviction and the sentence imposed with the following nine assignments of error.

**"I.   After having referred Appellant for a psychiatric evaluation to determine competency to stand trial pursuant to *Ohio Revised Code § 2945.371*, the trial court abused its discretion and deprived Appellant of his constitutional right to a fair trial by accepting Appellant's waiver of a jury trial on the prior conviction and repeated [sic] violent offender specifications in the indictment and by proceeding to trial without first conducting a hearing or obtaining a stipulation regarding Appellant's competency to stand trial.**

**"II.   The repeated offers to take a lie detector test made by the complaining witness during his testimony on both direct and cross-examination violated *Evid.R. 402*, deprived Appellant of his constitutional right to due process of law and a fair trial, and constituted plain error.**

**"III.   The trial court committed plain error by permitting the prosecution to penalize Appellant for exercising his constitutional right to remain silent by revealing to the jury that he had refused to make a formal written statement.**

**"IV.   The trial court abused its discretion and committed prejudicial error by permitting Detective Compton, over objection, to bolster the testimony of the alleged victim by expressing an opinion that the blood he observed on Appellant's**

clothing in the evidence room two days after the alleged offense 'was indicative of the fact that what Mr. Vaitekunas had actually reported occurred.'

"V.   The trial court abused its discretion and committed prejudicial error by permitting Detective Compton, over objection, to bolster the testimony of the alleged victim by expressing an opinion that the injuries described in the alleged victim's medical records 'were pretty consistent with what he had told me at the time he gave the statement.'

"VI.   The failure of defense counsel to object and/or move to strike, and/or request curative instructions in reference to the repeated offers of the complaining witness to take a polygraph examination, the use of inadmissible evidence of Appellant's post-arrest silence, and inadmissible testimony from other witnesses offered for the sole purpose of bolstering the credibility of the complaining witness constitutes ineffective assistance of counsel.

"VII.   Defendant's conviction for felonious assault is against the manifest weight of the evidence.

"VIII.   Appellant's convictions [sic] should be reversed because the cumulative effect of the errors committed by the trial court violated Appellant's right to a fair trial.

"IX.   The sentence imposed by the trial court is unlawful because it was the product of bias and prejudice and because it demonstrates that Appellant was being punished for exercising his constitutional right to a trial."

**{¶15}** Fhiaras argues in his first assignment of error that the trial court should not have proceeded in this case without first formally determining the issue of his competency. Fhiaras contends the court's failure to conduct a hearing on his competency constitutes reversible error because that issue was raised prior to trial but was never resolved. A review of the record renders his argument unpersuasive.

**{¶16}** In *State v. Smith*, 8th Dist. Nos. 96582, 96622, and 96623, 2012-Ohio-261, ¶ 24-26, this court observed:

> * * * In Ohio, a defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense. R.C. 2945.37(G).

> R.C. 2945.37(B) allows the trial court, prosecutor, or the defense to raise the issue of a defendant's competence to stand trial. In *State v. Were*, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591, paragraph one of the syllabus, the Ohio Supreme Court held that a competency hearing is required if the request is made before trial. Nevertheless, when a request for a competency evaluation is made prior to trial, the failure to hold the mandatory competency hearing is harmless error when the record fails to reveal sufficient indicia of incompetence. *State v. Bock* (1986), 28 Ohio St.3d 108, 110, 502 N.E.2d 1016.

> Accordingly, "[t]he right to a hearing rises to the level of a constitutional guarantee where the record contains 'sufficient indicia of incompetence,' such that an inquiry * * * is necessary to ensure the defendant's right to a fair trial." *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 156, quoting *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433.

**{¶17}** This court stated similarly in *State v. Smith*, 8th Dist. No. 95505, 2011-Ohio-2400, ¶ 5:

> A hearing is not required in all situations, only those where the competency issue is raised *and maintained*. We acknowledge that once the issue is raised, there may be

situations where the defendant exhibits *outward signs indicating the lack of competency* that may necessitate a hearing regardless of any stipulation. That issue is not present in the current case. The record does not contain any evidence that Smith exhibited any such signs.
(Emphasis added.)

{¶18} The record of this case reflects that Fhiaras had some difficulty in getting along with his assigned counsel. Thus, at the time that Fhiaras's first attorney requested to withdraw from the case, out of an abundance of caution, the trial court granted counsel's request but referred Fhiaras to the court psychiatric clinic for a determination of competency.

{¶19} Within two months, Fhiaras's second assigned counsel also requested to withdraw from the case. The trial court conducted a hearing before granting the request, observing during the proceeding that the issue of Fhiaras's competency had not been resolved because he "was unwilling to cooperate with the psychiatric clinic."

{¶20} The court thereupon addressed Fhiaras directly, asking him if he wished to have an assessment. Fhiaras responded that he did not "feel it's necessary, no." The trial court accepted Fhiaras's decision, but advised Fhiaras to "cooperate with" his third attorney in determining, among other things, whether undergoing a psychiatric assessment was to his benefit.

{¶21} When Fhiaras's case was called for trial, the court again noted that Fhiaras had refused to submit to a psychiatric evaluation. Neither Fhiaras nor his third defense attorney protested, however, with going forward. *Bock*, 28 Ohio St.3d, 110, 502 N.E.2d 1016 (1986); *compare Were*, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591.

{¶22} Moreover, there is nothing in the record to suggest that Fhiaras lacked competency to stand trial. Fhiaras always addressed the court in an appropriate manner and demonstrated a complete understanding of the proceedings. *Smith*, 8th Dist. No. 95505, 2011-Ohio-2400. Under these circumstances, the trial court's failure to conduct a hearing on the issue of Fhiaras's competency, if error at all, constituted harmless error. *State v. Almashni*, 8th Dist. No. 92237, 2010-Ohio-898,¶ 14, *appeal not accepted,* 126 Ohio St.3d 1582, 2010-Ohio-4542, 934 N.E.2d 355; *see also State v. Macon*, 8th Dist. No. 96618, 2012-Ohio-1828 (Keough, J., dissenting).

{¶23} Fhiaras's first assignment of error, accordingly, is overruled.

{¶24} Fhiaras presents challenges to the trial court's decisions to admit evidence in his second, third, fourth, and fifth assignments of error. In addressing his challenges, this court is guided by the appropriate analysis of the issue he presents. The Ohio Supreme Court set forth that analysis in *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 569 N.E.2d 1056 (1991), as follows:

> Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence. The admission of relevant evidence pursuant to Evid.R. 401 rests within the sound discretion of the trial court. *E.g., State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion. *State v. Finnerty* (1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233, 1237. As this court has noted many times, the term "abuse of discretion" connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. *E.g., Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

{¶25} Fhiaras initially asserts that two instances of plain error occurred that compromised his right to a fair trial. Notice of plain error under Crim.R. 52(B), however, is to be taken by an appellate court "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 374 (1978), paragraph three of the syllabus.

{¶26} In his second assignment of error, Fhiaras contends that the victim's repeated offer to take "a lie detector test" constituted inadmissible evidence pursuant to Evid.R. 402 that warrants a reversal of the conviction. This court does not find his contention persuasive.

{¶27} In *State v. Banner*, 8th Dist. No. 94078, 2010-Ohio-5592, ¶ 35, this court stated:

> The law in Ohio is clear. Polygraph results are not admissible *except under strictly controlled circumstances* and any discussion of a *defendant's* willingness or refusal to take a polygraph test *may* not be allowed into evidence. (Emphasis added.)

{¶28} Thus, polygraph test results are not, per se, inadmissible. In addition, this case does not present the situation presented in *Banner*, because the *victim* stated he was willing to take the test, so the evidence did not relate directly to Fhiaras.

{¶29} A review of the record reflects the victim had some difficulty with his role at trial. Occasionally, whether on direct or cross-examination, the victim provided more information than what was sought. On direct examination, for example, the prosecutor

often interjected another question in order to interrupt the victim's tendency to provide irrelevant information.

{¶30} The victim was particularly impatient with being subjected to cross-examination. Apparently, he took umbrage at some of defense counsel's questions; consequently, he responded to the defense attorney's efforts to "shake" his version of the incident by making gratuitous statements. The trial court eventually told the victim not to make "further comments." Because the trial court exercised reasonable control over the victim's testimony, Fhiaras's second assignment of error is overruled. Evid.R. 611.

{¶31} Fhiaras's third assignment of error is overruled on a similar basis. Although Fhiaras asserts that his right against self-incrimination was violated by a comment Compton made on cross-examination, when Compton's comment is considered in context, no error occurred.

{¶32} Compton indicated that the reason that he did not make a written record of his conversation with Fhiaras was because Fhiaras "did not want to make a statement." This testimony came, however, after defense counsel intimated that Compton easily *could* have recorded his interview with Fhiaras.

{¶33} Compton explained that, because the police station was in the process of conversion to a digital system, only the detectives' interview room had completed the conversion. Rather than making a formal written statement, Fhiaras wanted only to speak with Compton, so Compton spoke with Fhiaras in the jail, which was a location that as yet did not have recording capability.

{¶34} Fhiaras did *not* exercise his right to remain silent. Therefore, Compton's explanation for not having a recording of the interview did not constitute an improper comment on Fhiaras's exercise of that right. No error occurred, plain or otherwise.

{¶35} In his fourth and fifth assignments of error, Fhiaras asserts that Compton made comments on direct examination that were improper because they were designed only to bolster the victim's credibility as a witness. Fhiaras objected to these comments; he argues the comments violated Evid.R. 702.

{¶36} Specifically, Compton opined that the blood he observed on Fhiaras's clothing "was indicative of the fact that what Mr. Vaitekunas had actually reported occurred." Compton further noted that the victim's medical records indicated that the victim was treated for injuries that were "pretty consistent with what he had told me at the time he gave the statement."

{¶37} A review of the record reflects Compton's testimony on these two points came as he described his investigation of the incident. Therefore, the challenged comments were not made by Compton as an "expert witness."

{¶38} Instead, Compton was testifying in his role as a police officer who was deciding whether his investigation should continue, and whether that investigation should continue to focus on both a particular offense and a specific suspect. Evid.R. 701. A trial court does not commit reversible error in permitting police officers to testify about such matters. *See, e.g., State v. Cochran*, 11th Dist. No. 2006-G-2697, 2007-Ohio-345, ¶ 15.

**{¶39}** Accordingly, Fhiaras's fourth and fifth assignments of error are overruled.

**{¶40}** In his sixth assignment of error, Fhiaras argues that his defense counsel rendered ineffective assistance in failing to ensure that the trial court excluded inadmissible testimony. Fhiaras relies upon the arguments he made in his second, third, fourth, and fifth assignments of error to support this assignment of error.

**{¶41}** In order to successfully assert ineffective assistance of counsel under the Sixth Amendment, a defendant must show not only that the attorney made errors so serious that he was not functioning as "counsel," as guaranteed by the Sixth Amendment, but also that the deficient performance was so serious as to deprive defendant of a fair and reliable trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶42}** Because there are many ways to provide effective assistance in any given case, scrutiny of counsel's performance must be highly deferential, and there will be a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*; *see also Vaughn v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965). Counsel will not be deemed ineffective for failing to make futile motions. *State v. Parra*, 8th Dist. No. 95619, 2011-Ohio-3977, ¶ 78. Counsel also need not enter unwarranted objections at trial. *State v. Smith*, 8th Dist. No. 95541, 2011-Ohio-3581, ¶ 63.

**{¶43}** The defendant may show counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. *State v.*

*Moore*, 8th Dist. No. 95106, 2012-Ohio-1958, ¶ 30. The reviewing court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland* at 690.

{¶44} Because this court has determined that no error occurred in the admission of evidence as Fhiaras argues in his second, third, fourth, and fifth assignments of error, Fhiaras cannot meet the first requirement necessary to establish a claim of ineffective assistance of counsel. *Parra,* at ¶ 76-87. His sixth assignment of error is therefore overruled.

{¶45} Fhiaras argues in his seventh assignment of error that his conviction is against the manifest weight of the evidence. A review of the record belies his argument.

{¶46} When a defendant asserts that his conviction is against the manifest weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences from it, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. The appellate court's discretionary power to reverse a verdict should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. *Id*. This court must remain mindful, moreover, that the weight of the evidence and the credibility of the witnesses are matters primarily for the jury to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

{¶47} The victim in this case gave compelling testimony of what he experienced during the incident. His testimony was supported by the police photos and the physical evidence recovered. In spite of the facts that the victim was inebriated and that Fhiaras beat the victim about the head, the victim's recollection was clear and he was adamant. The jury acted within its prerogative to believe the victim gave an accurate account.

{¶48} Fhiaras's seventh assignment of error is also overruled.

{¶49} In his eighth assignment of error, Fhiaras claims that the cumulative effect of the errors he presents in his first through seventh assignments of error deprived him of a fair trial. His claim lacks merit.

{¶50} Pursuant to the doctrine of cumulative error, a judgment may be reversed where the cumulative effect of errors deprives a defendant of his constitutional rights, even though the errors individually do not rise to the level of prejudicial error. *State v. Garner*, 74 Ohio St.3d 49, 64, 1995-Ohio-168, 656 N.E.2d 623, *cert. denied,* 517 U.S. 1147, 116 S.Ct. 1444, 134 L.Ed.2d 564 (1996); *State v. DeMarco*, 31 Ohio St.3d 191, 656 N.E.2d 623 (1987), paragraph two of the syllabus. However, because this court found no instances of error in this case, the doctrine is inapplicable.

{¶51} Accordingly, Fhiaras's eighth assignment of error is overruled.

{¶52} Fhiaras asserts in his ninth assignment of error that the trial court imposed an unlawful sentence, in effect, "punishing him" for "exercising his constitutional right to a trial." His assertion is rejected.

**{¶53}** Fhiaras bases his assertion on a discussion he had with the court on the record prior to trial. At that time, the discussion concerned a possible plea agreement that his first attorney negotiated with the prosecutor.

**{¶54}** The trial court's comments at this hearing indicated that the negotiated agreement seemed highly advantageous to Fhiaras, because, as indicted, RVOs and NPCs were attached to the offenses, but the state offered to amend the indictment to delete the kidnapping count and the RVOs and NPCs. The trial court informed Fhiaras of the potential sentences involved if he decided to enter a guilty plea to the amended charge compared to the potential sentence involved should he be found guilty of the charges in the indictment.

**{¶55}** In *State v. Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508, ¶ 6-7 and 9, this court stated the applicable standard of review of a felony sentence imposed after the effective date of H.B. 86 as follows.

> An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 7. Specifically, R.C. 2953.08(G)(2) provides the following regarding an appellate court's review of a sentence on appeal:
>
> "The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

"(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

"(b) That the sentence is otherwise contrary to law."

Additionally, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) "to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(A). The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

* * *

* * * [T]he revisions under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. Specifically, R.C. 2929.14(C)(4) provides as follows:

"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶56}** The record in this case demonstrates that the trial court fully complied with its duties in imposing sentence upon Fhiaras. At the outset of the sentencing hearing, the trial court noted that Fhiaras had "an extensive criminal record." Indeed, Fhiaras had "one of the longer records [the court] ha[d] ever seen." Fhiaras had "a troubling history of assaultive behavior" and had been in and out of prison since 1979, and had committed the current offense while he was under court supervision for a previous offense.

**{¶57}** After listening to the parties, the trial court set forth the statutory considerations it must follow, indicated the photos and medical records proved Fhiaras committed an unprovoked vicious attack on his friend, and pointed out that Fhiaras's past conduct demonstrated he had no regard for the law. It was based on these considerations that the trial court decided that a total prison term of 12 years was appropriate.

**{¶58}** Because the trial court's decision is in accordance with the law and is supported by the record, this court will not disturb that decision. *Johnson*, 8th Dist. No. 97579, 2012-Ohio-2508. Fhiaras's ninth assignment of error, accordingly, also is overruled.

**{¶59}** Fhiaras's conviction and sentence are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS
IN JUDGMENT ONLY