[Cite as *State v. Harris*, 2015-Ohio-5409.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102124**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERNEST HARRIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582230-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
38109 Euclid Avenue
Willoughby, Ohio 44094


**FOR APPELLANT**

Ernest Harris, pro se
Inmate No. 653-782
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By:   Lon'cherie' D. Billingsley
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** On May 8, 2014, defendant-appellant Ernest Harris ("Harris") was found guilty of two counts of drug possession, in violation of R.C. 2925.11(A), a fifth-degree felony; one count of possessing criminal tools, in violation of R.C. 2923.24(A), fifth-degree felony; one count of trafficking in violation of R.C. 2925.03(A)(2), fifth-degree felony; and one count of trafficking, in violation of R.C. 2925.03(A)(1), fifth-degree felony.  Each count was accompanied by forfeiture specification for a scale that was used in the offenses.  Counts 3 and 4 merged for the purpose of sentencing.[1] The trial court imposed a sentence of four years, one year for each count.

**{¶2}** After review of the record, we reverse the trial court's ruling and remand for a new trial.  Harris assigns five errors for our review, however, error three is dispositive of the case, so we need not address the other four.

> I.    The state failed to present sufficient evidence to prove appellant's guilt beyond a reasonable doubt as to all counts of the indictment.
>
> II.    The appellant's convictions are against the manifest weight of the evidence.
>
> III.   The trial court violated R.C. 2945.37(B) when it ordered an evaluation for competency to stand trial and sanity at the time of the act, and then did not hold a hearing on the issue.

---

[1] Harris was charged with Count 1 drug possession, Count 2 possessing criminal tools, Count 3 drug possession, Count 4 trafficking, and Count 5 trafficking.

IV. The trial court committed error, allowing prosecutorial misconduct, during closing arguments.

V. The trial court erred in failing to permit trial counsel to conduct voir dire of the jury on the issues of the weight of the evidence required to be proven, as well a whether a juror could find the appellant not guilty in the event that the juror felt the state had not proven the case beyond a reasonable doubt.

## I. Facts and Procedural Posture

{¶3} The Cleveland Police Department received several complaints about drug activity at Harris's residence. On January 28, 2014, detectives conducted a controlled drug buy at Harris's residence using a confidential reliable informant. The detectives gave the informant $20 to purchase drugs from the residence. They observed Harris, who they were previously acquainted with, open the door for the informant. Minutes later, the informant exited the home and gave the police the cocaine that purchased in the home.

{¶4} The next day, the detectives conducted another controlled drug buy at the Harris residence. Again Harris opened the door and let the informant in the home. The informant gave Harris the money, and Harris gave the informant a package containing cocaine. Each drug buy occurred out of the view of detectives. Once the informant exited the house and gave the detectives the drugs that he purchased, Cleveland police executed a search warrant on the home. During the search, they found the Cleveland Police Department buy money, crack pipes, cocaine, a scale with cocaine residue, and marijuana. The scale and cocaine were located in the room that Harris identified as his bedroom. The buy money was located near where Harris was standing.

**{¶5}** On February 12, 2014, Harris was indicted by the Cuyahoga County Grand Jury on five felony counts. Trial was set for March 26, 2014, but was continued and Harris was referred to the Court Psychiatric Clinic for an evaluation as to his competency to stand trial and sanity at the time of the act. The trial court never held a hearing on the issue of competency after the referral. A jury trial commenced on May 5, 2014. Once the state of Ohio rested, defense counsel informed the state that Harris wanted to call a witness. This witness testified that the drugs belonged to her and she intended to sell the drugs. This witness was not originally scheduled to testify and sat through the entire trial listening to all of the testimony. Harris did not testify.

**{¶6}** At the end of the trial, the state, during its closing argument recounted the testimony of one of the detectives during the trial. Instead of restating verbatim what the detective said, the prosecutor gave a summary. In addition to this, the state recounted the testimony of the defense witness and questioned the veracity of her statements. After deliberations, the jury found Harris guilty of all five counts charged in the indictment. As a result, Harris filed this timely appeal.

## II. Law and Analysis

**{¶7}** In his third assignment of error, Harris argues that the court violated R.C. 2945.37(B) when it ordered an evaluation for competency to stand trial and sanity at the time of the act, but then did not hold a hearing on the issue. R.C. 2945.37(B) states,

[I]n a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court *shall* hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

(Emphasis added.)

**{¶8}** Under R.C. 2945.37, there is a presumption that a defendant is competent to stand trial. This presumption remains valid unless it is proven by a preponderance of the evidence that the defendant is unable to understand the nature and objective of the proceedings against him or of assisting in his defense. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 160. The issue of a defendant's competency to stand trial may be raised by the trial court, prosecutor, or the defendant. R.C. 2945.37(B).

**{¶9}** If a request is made prior to trial, the trial court is required to hold a competency hearing. *Id*. This court has reversed cases for failure to hold a competency hearing before accepting a guilty plea when a suggestion of incompetency is left undeveloped in the record. *See State v. Macon*, 8th Dist. Cuyahoga No. 96618, 2012-Ohio-1828, ¶ 37. The question of whether to hold a competency hearing once the trial has commenced is left to the trial court's discretion and will not be reversed absent an abuse of that discretion. *State v. Rahman*, 23 Ohio St.3d 146, 156, 492 N.E.2d 401 (1986). An abuse of discretion is more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v.*

*Miller,* 8th Dist. Cuyahoga No. 93371, 2010-Ohio-2097, ¶ 17, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983).

**{¶10}** A defendant has a constitutional right to a competency hearing only when there is sufficient "indicia of incompetence" to alert the court that an inquiry is needed to ensure a fair trial. *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). Considerations in this regard might include supplemental medical reports, specific references by defense counsel to irrational behavior, and the defendant's demeanor during trial. *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 15, citing *State v. Chapin*, 67 Ohio St.2d 437, 424 N.E.2d 317 (1981).

**{¶11}** Harris argues there should have been a hearing to decide on his competency because R.C. 2945.37(B) states that if the defendant's competence is raised before the trial commences, "the court shall hold a hearing on the issue." The court ordered the evaluation on April 8, 2014, but never held a hearing to determine if he was competent to stand trial.

**{¶12}** The state argues that the decision in *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986), is applicable. The court in *Bock* held that "there is no question that where the issue of the defendant's competency to stand trial is raised prior to the trial, a competency hearing is mandatory." *Id.* at 110. However, the court also held that "failure to hold a mandatory competency hearing is harmless error where the record fails to reveal sufficient indicia of incompetency." *Macon*, 8th Dist. Cuyahoga No. 96618, 2012-Ohio-1828, ¶ 35, citing *Bock*. The state argues that not having a hearing on

Harris's competency to stand trial is harmless error because the record does not reveal that he is incompetent. We agree with the state that competency is assumed unless the record indicates otherwise. The Supreme Court of Ohio echoed this point in *State v. Were*, 94 Ohio St.3d 173, 761 N.E.2d 591 (2002), where it stated,

> [T]he state relies on *Bock*, where this court found that the failure to hold a competency hearing was harmless error. We find that the state's reliance on *Bock* is misplaced. The facts in *Bock* are far different from those present in this case. In *Bock*, the court found harmless error in the trial court's failure to conduct a competency hearing in part because the defendant testified in his own defense* * *.

The facts in *Were* are analogous to the facts in this case. The appellant did not testify in his own defense like the defendant in *Were*. "This court has reversed cases for failure to hold a competency hearing before accepting a guilty plea when a suggestion of incompetency is left undeveloped in the record." *Macon*, at ¶ 37. Because Harris's competency to stand trial was raised before trial, there is not a record that the trial court could have looked at to decide whether he was competent. The statute is very clear that the court *shall* hold a hearing when the defendant's competency to stand trial is raised before trial begins. R.C. 2945.37(B). We find that the trial court abused its discretion when it did not hold a competency hearing. The conviction is reversed, and the case is remanded to the trial court for a competency hearing and new trial.

{¶13} We need not address the other assignments of error because assignment of error three is dispositive of the case. App.R. 12.

{¶14} Judgment is reversed and remanded.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds that there were reasonable ground for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
MELODY J. STEWART, J., DISSENTS WITH
SEPARATE OPINION
MELODY J. STEWART, J., DISSENTING:

{¶15} I disagree that the court's failure to conduct a competency hearing requires reversal of the convictions. I therefore respectfully dissent.

{¶16} Although R.C. 2945.37(B) makes it mandatory for the court to hold a competency hearing if the issue of a defendant's competency is raised prior to trial, *see* *State v. Were*, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591, paragraph one of the syllabus, the failure to do so is not a form of per se error that requires automatic reversal. *State v. Bock*, 28 Ohio St.3d 108, 110, N.E.2d 1016 (1986). This is because "competency is presumed and the defense bears the burden of proving incompetency." *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 89.

{¶17} For this reason, the majority has it incorrect when it states that the court's act of ordering a competency evaluation removed the presumption of competency. *Ante*

at ¶ 19. Ordering a competency evaluation is not the same as declaring a defendant incompetent — it is just the first step under R.C. 2945.37(B), which states that if the issue of a defendant's competency is raised before the trial has commenced, "the court shall hold a hearing on the issue as provided in this section." The defendant always has the burden to rebut the presumption of competency and simply filing a motion raising the issue does not change the presumption.

{¶18} Harris did not file a motion to have his competency evaluated; it appears that he raised the issue on a scheduled trial date. The court referred Harris for a competency evaluation, but from that point on, there is no other mention of his competency. In fact, not only does the record fail to show any further mention of Harris's competency before or during trial, it shows that after the court continued the case pending the psychiatric evaluation, trial was continued to a date made "at the request of the defendant." By requesting a trial date despite a pending motion for a competency evaluation and failing to seek any further action on his pending motion as trial commenced, Harris acted in a manner incompatible with his claimed incompetency to stand trial. The only reasonable conclusion is that he tacitly acknowledged his competency and abandoned a claim of error on appeal. *See State v. Macon*, 8th Dist. Cuyahoga No. 96618, 2012-Ohio-1828, ¶ 39.

{¶19} Apart from abandoning his claim of incompetency, there is nothing in the record to show that Harris was, in fact, incompetent. In *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, we stated:

> A hearing is not required in all situations, only those where the competency issue is raised and maintained. We acknowledge that once the issue is raised, there may be situations where the defendant exhibits outward signs indicating the lack of competency that may necessitate a hearing regardless of any stipulation. That issue is not present in the current case. The record does not contain any evidence that Smith exhibited any such signs.

*Id*. at ¶ 5

{¶20} Admittedly, Harris did not testify in this case, but the fact remains that there was nothing in the record to give any indication that he lacked competency to stand trial. We have, in some cases, reversed convictions because the court failed to hold a competency hearing where there was significant indicia that the defendant lacked competency. *See, e.g*, *State v. McGrath*, 8th Dist. Cuyahoga No. 91261, 2009-Ohio-1361 (defendant had previously been found incompetent and no evidence to show restoration to competency); *State v. Smith*, 8th Dist. Cuyahoga No. 92649, 2010-Ohio-154 (court accepted guilty plea even though the defendant was experiencing auditory hallucinations); *State v. Cruz*, 8th Dist. Cuyahoga No. 93403, 2010-Ohio-3717 (trial court erred by accepting a plea when a psychological assessment report prepared by juvenile court in anticipation of transfer to court of common pleas suggested that juvenile was incompetent to stand trial).

{¶21} The only conceivable grounds for Harris's motion was a statement defense counsel made during voir dire to the effect that Harris suffered from narcolepsy, a condition that might cause him to "nod off, wake back up." But apart from that *medical* condition, there was nothing in the record to show that Harris lacked *mental* competency.

While I agree that the court should have conducted a hearing after ordering the competency evaluation, the error was harmless.