JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Robert Dykes III appeals his conviction and sentence after a jury trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} In this case, Dykes was arrested and charged with burglary, a felony of the second degree. He pled not guilty and elected to go to trial. Prior to trial, though, his defense attorney filed a motion to withdraw, which was denied. Dykes was found guilty of burglary by a jury. He was sentenced to four years in prison, and his sentence was ordered to run consecutive to his current sentence. When this crime occurred, Dykes had been serving a one-year prison sentence and had been allowed out of prison to work while still under the supervision of the adult parole authority.
 {¶ 3} Dykes appeals, advancing three assignments of error for our review. His first assignment of error states:
 {¶ 4} "The trial court deprived Robert Dykes of his Constitutional right to effective assistance of counsel, when it failed to make an adequate inquiry into counsel's motion to withdraw from the case."
 {¶ 5} It is well settled that a withdrawal motion is committed to the sound discretion of the trial court. State v.Miller, Ross App. No. 01CA2607, 2001-Ohio-2635, citing State v.Cowans, 87 Ohio St.3d 68, 73, 1999-Ohio-250. Thus, an appellate court will not reverse the trial court's decision absent an abuse of that discretion. State v. Murphy, 91 Ohio St.3d 516, 523,2001-Ohio-112. The term "abuse of discretion" implies that the court's decision was "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. Moreover, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. See In re Jane Doe I (1991),57 Ohio St.3d 135.
 {¶ 6} On trial day, Dykes' attorney informed the court, without elaboration, that an incident had occurred between Dykes and himself and that "Mr. Dykes informed me that he filed a bar complaint against me, that he believes that I'm not working in his best interests, and I believe, given the animosity that Mr. Dykes has towards me, I cannot effectively aid in his defense in this matter. I believe that being his attorney in this case would be to both Mr. Dykes' disadvantage and mine, most particularly because there is a bar complaint lodged against me." The trial court responded, "I understand your request. I haven't heard enough to make me want to grant it." Then the trial court asked Dykes if there was anything he wanted to add.
 {¶ 7} In order for a court to grant an appointed counsel's motion to withdraw, there must be a "break down in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to the effective assistance of counsel."State v. Henness, 79 Ohio St.3d 53, 65, 1997-Ohio-405. Hostility, tension, or personal conflict between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify the withdrawal of appointed counsel. See id. at 65-66. The trial court applies the same analysis when appointed counsel seeks to withdraw as when a defendant seeks to replace his appointed counsel, and on appeal the same standard of review is applied in both cases. State v. Miller, Ross App. No. 01CA2607, 2001-Ohio-2635.
 {¶ 8} A criminal defendant's Sixth Amendment right to competent counsel does not extend to a right to counsel of the defendant's choice. State v. McCoy, Greene App. No. 2003-CA-27,2004-Ohio-266, citing Thurston v. Maxwell (1965),3 Ohio St.2d 92, 93. Nor does the right to counsel include a right to a meaningful or peaceful relationship between counsel and the defendant. State v. Blankenship (1995), 102 Ohio App.3d 534,538, citing Morris v. Slappy (1983), 461 U.S. 1.
 {¶ 9} Dykes relies on State v. Deal (1969),17 Ohio St.2d 17, and State v. Prater (1990), 70 Ohio App.3d 78, arguing that the trial court did not sufficiently inquire into his complaints about his attorney. In Deal, the Supreme Court of Ohio held that a trial court is required to inquire on the record into a defendant's allegations that his attorney is providing ineffective assistance. In Prater, the trial court did not inquire on the record into Prater's complaints of ineffective assistance of counsel, which were raised during trial. The Tenth Appellate District reversed Prater's conviction with an instruction to the lower court to reinvestigate Prater's claims of ineffective assistance of counsel on the record, and if his claims were unfounded to reinstate the conviction.
 {¶ 10} The inquiry required by Deal need not be extensive.State v. Dunning (Apr. 21, 1992), Franklin App. No. 91AP-1097. If the defendant's complaint is not substantiated or is unreasonable, the trial judge may still require the trial to proceed with assigned counsel participating. Deal, supra.
 {¶ 11} Here, as noted above, the trial court inquired of defendant regarding his concerns. Dykes complained that his attorney wanted him to plead to something he did not do. Further, Dykes alleged that he heard from his mother, who heard from the victim that the prosecutor and defense attorney had met with the victim. Dykes claimed that his attorney was forcing the victim to testify against him. The trial court explained that it often happens that the defense attorney meets with the prosecutor and the victim to judge the victim's demeanor and credibility. The trial court stated that it did not believe that the defense attorney did anything improper or that he would risk his bar license to get Dykes prosecuted. Furthermore, the court explained that Dykes had the opportunity to hire an attorney, but did not; Dykes had been through the criminal justice system previously and was a seasoned defendant; and Dykes had demonstrated to the court that he was problematic. The court pointed to his refusal to dress for trial as another example. The trial court refused to let defense counsel withdraw, because both the defense counsel's and Dykes' reasons were insufficient.
 {¶ 12} We find that the trial court's inquiry satisfied the standards of Deal, supra. See also State v. New (June 20, 1995), Franklin App. No. 94APA10-1547. Furthermore, we find that the trial court did not abuse its discretion when it denied defense counsel's motion to withdraw.
 {¶ 13} Dykes' first assignment of error is overruled.
 {¶ 14} Dykes' second assignment of error states:
 {¶ 15} "II. Robert Dykes has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the consecutive sentences imposed on him for the reason that a jury did not find the facts which supported the imposition of the consecutive sentences."
 {¶ 16} Under this assignment of error, Dykes argues that his sentence is contrary to law and violates the United States Supreme Court's decisions in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and United States v. Booker (2005),125 S.Ct. 738, because the trial court made findings that should have been made by a jury. Dykes' argument that Blakely andBooker are implicated because his sentence was ordered to run consecutive to his current sentence must be rejected. This court addressed the issue of consecutive sentences in the en banc decision of State v. Lett, 161 Ohio App.3d 274, 2005-Ohio-2665. In Lett, this court held that R.C. 2929.14(E)(4) and2929.19(B)(2)(c), which govern the imposition of consecutive sentences, do not implicate the Sixth Amendment as construed inBlakely and Booker.[1]
 {¶ 17} Accordingly, in conformity with that en banc opinion, Dykes' second assignment of error is overruled.
 {¶ 18} Dykes' third assignment of error states:
 {¶ 19} "III. Robert Dykes has been deprived of his liberty without due process of law by the consecutive sentences imposed on him as said sentences do not comport with Ohio's current sentencing structure."
 {¶ 20} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime." State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 21} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 22} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c).Stadmire, supra; see, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-463. A trial court's failure to sufficiently state its reasons on the record constitutes reversible error. Id.
 {¶ 23} These findings, together with the trial court's reasons for the findings, must be made on the record and must be supported by clear and convincing evidence. R.C.2929.19(B)(2)(e); R.C. 2953.08(G)(1); State v. Comer,99 Ohio St.3d 463, 2003-Ohio-463, State v. Edmonson (1999),86 Ohio St.3d 324.
 {¶ 24} First, the trial court gave its reasons for imposing consecutive sentences upon Dykes. The court reasoned that Dykes was serving a prison sentence and was out on a job release program when he committed this crime. In addition, Dykes had served prior prison sentences and had been given several opportunities for rehabilitation and failed to benefit from them. Finally, the court reasoned that Dykes was not remorseful.
 {¶ 25} Then the trial court found that consecutive sentences were necessary to protect the public and to punish Dykes. The trial court also found that consecutive sentences were not disproportionate to the seriousness of Dykes' conduct. Finally, the trial court found that the harm was so great and his criminal history so extensive that consecutive sentences were necessary.
 {¶ 26} We find that the trial court made the proper findings and stated sufficient reasons, which are supported by clear and convincing evidence, for imposing consecutive sentences. Therefore, Dykes' third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Rocco, J., concur.
[1] See my concurring and dissenting opinion in State v.Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, and Judge James J. Sweeney's dissenting opinion in State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, in which I concurred.