JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Jamar Lamell Crew ("Appellant"), appeals his conviction on the grounds that he was denied his right to counsel. For the reasons set forth below, we affirm.
 {¶ 2} On March 7, 2005, the Cuyahoga County Grand Jury indicted Appellant on three counts: one count of escape, in violation of R.C. 2921.34; one count of felonious assault with a peace officer specification, in violation of R.C. 2903.11; and one count of resisting arrest, in violation of R.C. 2921.33. Appellant retained an attorney ("defense counsel"), who appeared at the arraignment on his behalf. Appellant pleaded not guilty to all counts in the indictment.
 {¶ 3} Less than four weeks before trial, on June 1, 2005, defense counsel made a motion to withdraw. Defense counsel stated that Appellant rejected a plea against his advice. Counsel elaborated that he believed the plea was in Appellant's best interest and that the two did not "see eye to eye." The court denied defense counsel's motion to withdraw. The court further informed Appellant, "If you want to hire somebody else, Mr. Crew, you can go ahead and do that."
 {¶ 4} Appellant did not retain new counsel and on June 28, 2005, after Appellant had delayed the matter the previous day for failing to properly dress in civilian clothes, the court began voir dire. During voir dire, Appellant made numerous outbursts requesting the discharge of defense counsel, changed in and out of his prison attire multiple times, and attempted to leave the courtroom.
 {¶ 5} The trial court inquired into Appellant's behavior and requests for a new attorney. Appellant asserted that he wished to seek a continuance because he did not "feel comfortable" being represented by defense counsel. He also proclaimed that he did not feel that defense counsel was representing him to his best ability or respecting his interests. He further stated that defense counsel did not investigate his case thoroughly.
 {¶ 6} During voir dire, defense counsel also requested withdrawal from the case a number of times. Defense counsel asserted that he and his client continuously disagreed as to trial strategy, that Appellant threatened to have him disbarred, and that Appellant repeatedly fired him.
 {¶ 7} The trial court found that neither Appellant, nor defense counsel, presented sufficient reasons justifying substitution of counsel at such a late date. The court pointed out that Appellant was given the opportunity to obtain new counsel and failed to do so. The court further noted Appellant's "bizarre behavior" and found that Appellant attempted to manipulate defense counsel, as well as the court. Therefore, the court denied both Appellant's and defense counsel's request to substitute counsel.
 {¶ 8} The case proceeded to trial. During the proceedings, Appellant continued to be problematic. He routinely interrupted the trial by proclaiming his desire to fire his attorney, refusing to dress for trial, and attempting to leave his seat. The court, noting Appellant's inability to abide by the court's orders, ordered that Appellant be taken to a holding cell equipped with closed-circuit TV and audio so he could see and hear the rest of the proceedings. The trial court permitted Appellant to return to trial to testify on his own behalf and to present the testimony of his girlfriend.
 {¶ 9} On June 30, 2005, the jury found Appellant guilty of the first count of escape, the third count of resisting arrest, and the lesser-included offense of assault on a peace officer, a fourth degree felony. The trial court sentenced Appellant to prison for twelve months on count one, concurrent to fourteen months on count two, and merged count three with count one.
 {¶ 10} Appellant now appeals and asserts two assignments of error. As Appellant's assignments of error are related, we will address both simultaneously. Appellant's assignments of error state:
 {¶ 11} "I. The trial court should have permitted Defendant-Appellant to dismiss his privately-retained attorney."
 {¶ 12} "II. The trial court, in response to the repeated requests of both Defendant-Appellant and Defendant-Appellant's privately-retained attorney, should have permitted said attorney to withdraw as counsel for Defendant-Appellant."
 {¶ 13} With regard to procedure, we note that an appellate court reviews a trial court's denial of a substitution of counsel under an abuse of discretion standard. State v. Cowans,87 Ohio St.3d 68, 73, 1999-Ohio-250, 717 N.E.2d 298. Hence, an appellate court will not reverse a trial court's decision regarding a substitution of counsel absent a showing that the trial court's decision was unreasonable, arbitrary or unconscionable. State v.Hancock, 108 Ohio St.3d 57, 77, 2006-Ohio-160, 840 N.E.2d 1032. Moreover, we are not free to merely substitute our judgment for that of the trial court. State v. Dykes, Cuyahoga App. No. 86148, 2005-Ohio-6636, citing In re Jane Doe I (1991),57 Ohio St.3d 135, 566 N.E.2d 1181.
 {¶ 14} In both of his assignments of error, Appellant asserts that the trial court abused its discretion and violated hisSixth Amendment right to counsel when it refused to allow substitution of counsel. We disagree.
 {¶ 15} The Sixth Amendment provides, "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. The Sixth Amendment right to counsel does not always include a right to counsel of defendant's choice. Wheat v. United States
(1988), 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.E.2d 140;Thorton v. Maxwell (1965), 3 Ohio St.2d 92, 93, 209 N.E.2d 204. Instead, the right to counsel must be balanced against the court's authority to control its docket, as well as its awareness that a "demand for counsel may be utilized as a way to delay the proceedings or trifle with the court." United States v. Krzyske
(C.A.6 1988), 836 F.2d 1013, 1017; see, also, State v. Murphy,91 Ohio St.3d 516, 523, 2001-Ohio-112, 747 N.E.2d 765.
 {¶ 16} Just as the Sixth Amendment right to counsel does not afford a criminal defendant the right to counsel of his choice, the right to counsel does not include a right to a peaceful and meaningful relationship between counsel and defendant. State v.Henness, 79 Ohio St.3d 53, 65, 1997-Ohio-405, 679 N.E.2d 686;Dykes, supra.
 {¶ 17} "[T]o discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel. The term of art `actual conflict' refers not to a personality conflict but to a conflict of interest. The Sixth Amendment does not guarantee `rapport' or a `meaningful relationship' between client and counsel."Henness, supra (citations omitted); see, also State v.Harmon, Pickaway App. No. 04CA22, 2005-Ohio-1974 (applying same analysis when retained counsel seeks to withdraw as when appointed counsel seeks to withdraw). Thus, "[h]ostility, tension, or personal conflict between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify the withdrawal of appointed counsel. " Dykes, supra.
 {¶ 18} Accordingly, if, after an inquiry into the defendant's grievances, the allegations are unfounded or unreasonable, the trial court may still require the trial to proceed without substitution of counsel. Id.
 {¶ 19} Four weeks prior to the trial, on June 1, 2005, defense counsel made a motion to withdraw as counsel, claiming that he and his client did not "see eye to eye." The court denied defense counsel's motion and informed Appellant, "If you want to hire somebody else, Mr. Crew, you can go ahead and do that."
 {¶ 20} Appellant, however, did not hire another attorney, and instead, four weeks later during voir dire and the trial, made a number of outbursts requesting substitution of counsel. Defense counsel responded to Appellant's many outbursts by making requests to withdraw from the case. Defense counsel noted his inability to "get along" with Appellant, Appellant's threats to have him disbarred, and Appellant's repeated firing of him. The trial court also inquired into Appellant's concerns. Appellant complained that he was "uncomfortable" with his counsel and that defense counsel was not representing him to the best of his ability. Finally, Appellant stated that defense counsel did not investigate his case thoroughly.
 {¶ 21} The trial court found that neither defense counsel, nor Appellant, provided sufficient reasons to warrant substitution of counsel. The court reasoned that defense counsel was a respected attorney with 25 years experience and had only Appellant's best interests in mind. Additionally, the court reminded Appellant that he had the opportunity to hire another attorney, but did not do so. Moreover, the court noted Appellant's repeated attempts to manipulate not only his attorney, but the court, noting his refusal to dress in civilian clothes, his continuous disregard for the court's orders to refrain from outbursts, and his repeated attempts to disrupt the court by leaving his seat. Accordingly, the trial court found both Appellant's and defense counsel's complaints insufficient to warrant substitution of counsel at such a late date. Therefore, the court denied defense counsel's motion to withdraw and Appellant's request to discharge counsel.
 {¶ 22} The record demonstrates that while defense counsel and Appellant had a personality conflict, their attorney-client relationship did not "break-down" so as to impede upon Appellant's right to effective assistance of counsel. The record demonstrates that defense counsel rendered nothing less than highly competent assistance. Accordingly, in light of the foregoing, we find that the trial court did not abuse its discretion in denying defense counsel's motion to withdraw and Appellant's request to discharge his defense counsel. Appellant's assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and McMonagle, J., concur.