[Cite as *State v. Stewart* , 2018-Ohio-684.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105649**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MOSE D. STEWART**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603483-A

**BEFORE:** Celebrezze, J., Laster Mays, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 22, 2018

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Carl Mazzone
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Mose Stewart ("appellant"), brings this appeal challenging his convictions for attempted rape and disrupting public services.   Specifically, appellant argues that he was denied his right to counsel and that his due process rights were violated when the trial court denied his motion and request to withdraw his guilty plea and failed to discuss the results of his competency evaluation on the record.   After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The instant matter arose from a November 30, 2015 incident involving appellant and his cousin.   In Cuyahoga C.P. No. CR-16-603483-A, appellant was charged in a four-count indictment on March 1, 2016, with (1) attempted rape, a second-degree felony in violation of R.C. 2923.02 and 2907.02(A); (2) gross sexual imposition, a fourth-degree felony in violation

of R.C. 2907.05(A)(1); (3) kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(4) with a furthermore specification alleging that "the victim of the offense is eighteen years of age or older"; and (4) disrupting public services, a fourth-degree felony in violation of R.C. 2909.04(A)(3). Appellant was arraigned on March 9, 2016. He pled not guilty to the indictment.

{¶3} Appellant waived his right to a jury trial and elected to try the case to the trial court. A bench trial commenced on December 15, 2016. During the state's case in chief, appellant decided to accept the plea agreement that the state offered during pretrial proceedings.

{¶4} On December 15, 2016, appellant pled guilty to attempted rape as charged in Count 1 of the indictment and disrupting public services as charged in Count 4 of the indictment. Counts 2 and 3 were nolled. Pursuant to the plea agreement, appellant would be required to register as a Tier III sex offender.

{¶5} Throughout the trial court's proceedings, appointed counsel made several requests to withdraw as counsel, appellant made several requests for new counsel, and appellant made multiple requests to withdraw his guilty plea. The trial court denied these motions and requests, which will be discussed in further detail in the analysis of appellant's first and second assignments of error below.

{¶6} The trial court held a sentencing hearing on January 5, 2017. During this hearing, the court reviewed appellant's reporting requirements as a Tier III sex offender. Appellant indicated that he did not understand the court's advisements. As a result, the trial court continued sentencing proceedings.

{¶7} The trial court held a sentencing hearing on January 12, 2017. Defense counsel advised the trial court that appellant wanted to have new counsel appointed to represent him and

to withdraw his guilty plea. The trial court denied appellant's request for new counsel and to withdraw his guilty plea. Furthermore, counsel stated that he was concerned about appellant's mental and physical health and requested that appellant be referred for a psychological evaluation. The trial court referred appellant to Northcoast Behavioral Healthcare for a competency evaluation over the state's objection.

{¶8} The trial court held a hearing on March 6, 2017. The court indicated that it received the court psychiatric clinic's report, which concluded that appellant "is malingering and does not have a present mental condition that causes him to be unable to understand the nature and objective of the legal proceeding against him and assist in his defense." (Tr. 140.) The state stipulated to the court psychiatric clinic's report. Defense counsel and appellant objected to the report, and appellant specifically disputed the finding that he was malingering. As a result, the trial court continued the matter in order to schedule a hearing at which the doctor that evaluated appellant could testify regarding his evaluation and report.

{¶9} On March 27, 2017, the prosecutor, defense counsel, and appellant stipulated to the court psychiatric clinic's report. As a result, the trial court proceeded to sentencing. The trial court sentenced appellant to a prison term of six years on Count 1 and a prison term of 18 months on Count 4. The trial court ordered the counts to run concurrently. The trial court reviewed appellant's reporting requirements as a Tier III sex offender. Appellant indicated that he understood these requirements.

{¶10} The trial court also addressed appellant's violation of postrelease control in Cuyahoga C.P. No. CR-13-578539-B.[1] The trial court terminated appellant's community

---

[1] Appellant pled guilty to two counts of drug trafficking in December 2013, and was sentenced to two years in prison. Appellant was granted judicial release in January 2015.

control sanctions and ordered him to serve the balance of his sentence in prison. The trial court ordered appellant's six-year prison sentence to be served consecutively to the sentence for violating postrelease control.

{¶11} On April 7, 2017, appellant filed the instant appeal challenging the trial court's judgment. He assigns four errors for review:

I. [Appellant] was denied his right to counsel when the court refused to allow counsel to withdraw.

II. [Appellant] was denied due process of law when the court refused to allow [appellant] to withdraw his plea or conduct a hearing.

III. [Appellant] was denied due process of law when the court failed to record on the record the results of a competency evaluation.

IV. [Appellant] was denied due process of law when the court ignored [appellant's] request during a hearing.

## II. Law and Analysis

### A. Right to Counsel

{¶12} In his first assignment of error, appellant argues that he was denied his constitutional right to counsel when the trial court denied appointed counsel's motions to withdraw as counsel and appellant's requests for new counsel.

{¶13} Pursuant to the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has the right to counsel. *State v. Milligan*, 40 Ohio St.3d 341, 533 N.E.2d 724 (1988), paragraph one of the syllabus. A criminal defendant does not, however, have the right to counsel with whom he has a rapport or with whom he can develop a meaningful lawyer-client relationship. State v. Henness, 79 Ohio St.3d 53, 65, 679 N.E.2d 686 (1997). "Under the federal and state constitutions, the defendant is

simply entitled to the effective assistance of legal counsel." *State v. Hudson*, 8th Dist. Cuyahoga No. 98967, 2013-Ohio-1992, ¶ 7.

> It is well established that an indigent defendant is not entitled to the counsel of his choosing, but rather, only the right to competent, effective representation. *See* [*State v. Murphy*, 91 Ohio St.3d 516, 523, 747 N.E.2d 765 (2001)]. Further, the right to counsel does not guarantee the defendant a meaningful relationship with counsel. *See Morris v. Slappy* (1983), 461 U.S. 1, 13-14, 103 S.Ct. 1610, 75 L.Ed.2d 610; *State v. Pruitt* (1984), 18 Ohio App.3d 50, 57, 18 Ohio B. 163, 480 N.E.2d 499. In order for a criminal defendant to discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to the effective assistance of counsel. *See State v. Coleman* (1988), 37 Ohio St.3d 286, 525 N.E.2d 792, paragraph four of the syllabus. Thus, an indigent defendant is entitled to new counsel "only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result." *State v. Edsall* (1996), 113 Ohio App.3d 337, 339, 680 N.E.2d 1256; *see*, *also*, *State v. Blankenship* (1995), 102 Ohio App.3d 534, 558, 657 N.E.2d 559.

*State v. Hawkins*, 8th Dist. Cuyahoga No. 91930, 2009-Ohio-4368, ¶ 63.

{¶14} This court reviews a trial court's decision on a motion to withdraw as counsel for an abuse of discretion. *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 135. Similarly, we review a trial court's decision regarding a defendant's request for substitute counsel for an abuse of discretion. *Hawkins* at ¶ 63, citing *Murphy*, 91 Ohio St.3d at 523, 747 N.E.2d 765 (2001).

{¶15} In the instant matter, appointed counsel made several requests to withdraw as counsel, and appellant made several requests for new counsel throughout the trial court's proceedings. Counsel filed a motion to withdraw as counsel on September 18, 2016. Therein, counsel asserted that "counsel and [appellant] have differences that will not be resolved and it is in [appellant's] best interests, as well as counsel's [best interests] that [appellant] be represented by other counsel." The trial court addressed counsel's motion to withdraw during the

September 20, 2016 hearing. In support of his motion to withdraw, counsel explained that he and appellant "have not been able to communicate," appellant did not agree with him about how to proceed with the case, and appellant would not listen to his recommendations. (Tr. 6.) Counsel explained that appellant "has stated repeatedly that he wishes to go to trial to prove his innocence." (Tr. 6.) Counsel stated that he had "no problem with going forward with trial." (Tr. 7.)

{¶16} The trial court asked appellant about the issues with appointed counsel. Appellant alleged that when he told counsel that he wanted to go to trial, counsel stated that he was "not going to fight for [appellant]." (Tr. 8.) Appellant further alleged that he was "not comfortable" with appointed counsel. (Tr. 29.) The trial court held counsel's motion to withdraw in abeyance and instructed appellant to spend the next three days thinking about whether he wanted to have a new attorney appointed to represent him.

{¶17} During the December 15, 2016 hearing, before appellant decided whether he wanted to proceed to trial or enter a plea, appellant asserted that he wanted a different lawyer. In support of his request for a new lawyer, appellant asserted, "[m]e and [counsel] never seen eye-to-eye. Been here for ten months. We never came to an agreement, we never came up on a good defense on my behalf. I ain't being represented properly." (Tr. 23.) The trial court denied appellant's request, explaining, "[y]ou [are not] going to get [a new lawyer]. [Counsel] has done everything he's supposed to do but for your cooperation. And just because you don't cooperate with him, doesn't mean I'm going to give you a different lawyer because there's no guarantee you're going to cooperate with a new lawyer." (Tr. 23.)

{¶18} The trial court asked for appointed counsel's input on the issue. Counsel stated, that he and appellant "have had an ongoing battle with regards to his representation. It has not

gotten any better. It has gotten to a point where it's difficult to prepare him because of the conflicts that we have had ongoing." (Tr. 24.) When the trial court asked what type of conflicts had been ongoing between counsel and appellant, counsel explained,

> [j]ust a lack of cooperation. * * * It doesn't matter what I say or I do, he's not happy, he's not satisfied. He has criticized my ability to represent him. He has made false statements about my desire to properly represent him, and I have filed a motion to withdraw. He has made requests that I no longer represent him. I would respectfully ask the Court to allow me to withdraw.

(Tr. 24.)

{¶19} The trial court determined that appellant failed to advance a legitimate reason to have new counsel appointed and that appellant did not identify any aspect of counsel's representation that was deficient. The trial court explained that appellant failed to cooperate with counsel and completely failed to "embrace his attorney and allow him to do his job[.]" (Tr. 24-25.) The trial court further stated that appointed counsel is "ready, willing, and able to do his job, and he's competent to do so." (Tr. 29.) The trial court emphasized that appellant is not entitled to new counsel simply because he does not like appointed counsel.

{¶20} During the trial court's Crim.R. 11 colloquy, appellant asserted that he was not satisfied with appointed counsel's representation. The trial court disagreed and opined that counsel "performed as an educated, competent, experienced attorney would." (Tr. 111.)

{¶21} Counsel filed a second motion to withdraw as counsel on January 5, 2017. Therein, counsel explained that after he filed the first motion to withdraw on September 18, 2016, "numerous incidents involving [appellant] have occurred which make it difficult to represent [appellant]. Nor is it in the best interest for either counsel or [appellant] to continue with representation of [appellant]." During the January 12, 2017 hearing, counsel informed the trial court that he filed the second motion to withdraw and that appellant no longer wants counsel

to represent him. Counsel explained that his attorney-client relationship with appellant "is such that the communication is not there at all." Counsel asserted that he has attempted to communicate with appellant, and that the communications have been hostile and not productive. Appellant confirmed that he wanted a different attorney and alleged that he had not seen any evidence. The trial court denied counsel's second motion to withdraw and appellant's request for new counsel. The trial court concluded that there was no indication that counsel's performance was deficient, nor that appellant would be more productive or less hostile with another attorney.

{¶22} Finally, on February 21, 2017, counsel filed a motion to vacate appellant's guilty plea. Therein, counsel asserted, in relevant part, "[appellant] requests that he be assigned new counsel as the [a]ttorney-[c]lient relationship is beyond repair[.]" During the March 6, 2017 hearing, counsel informed the trial court that he had filed a motion for new counsel on appellant's behalf. The trial court stated that the issue was addressed during the January 12, 2017 hearing.

{¶23} In the instant appeal, appellant argues that the trial court should have granted his requests for new counsel and appointed counsel's motions to withdraw as counsel based on the differences and conflict between appellant and counsel. We disagree.

{¶24} Initially, we note that appellant's allegations regarding appointed counsel during the September 20, 2016 hearing were general and vague. Appellant generally alleged that counsel would not fight for him and that he was not comfortable with counsel. Appellant's allegations during the December 15, 2016 hearing that he and counsel did not see eye-to-eye and that counsel did not come up with a good defense on his behalf were also general and vague.

**{¶25}** In *State v. Deal*, 17 Ohio St.2d 17, 244 N.E.2d 742 (1969), the Ohio Supreme Court held that when an indigent defendant questions the effectiveness and adequacy of assigned counsel and requests new counsel, the trial court has a duty to inquire into the defendant's complaint and request and to make the inquiry a part of the record. *Id.* at syllabus. Subsequently, in *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, the Ohio Supreme Court explained that "'the limited judicial duty [to inquire into a defendant's complaint about adequacy or effectiveness of counsel] arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.'" *Id.* at ¶ 68, quoting *State v. Carter*, 128 Ohio App.3d 419, 423, 715 N.E.2d 223 (4th Dist.1998).

**{¶26}** In this case, although appellant's allegations about counsel were not sufficiently specific, the trial court did, in fact, conduct an inquiry regarding appellant's concerns during both the September 20, 2016 and December 15, 2016 hearings. Specifically, the trial court inquired about the conflicts between appellant and counsel, the communication issues, and the disagreement about how to proceed with the case. Furthermore, regarding appellant's allegations and request for new counsel on December 15, 2016, the day that the matter was set for trial, this court has held that a motion for new counsel that is made on the day of trial "intimates such motion is made in bad faith for the purposes of delay." *State v. Haberek*, 47 Ohio App.3d 35, 41, 546 N.E.2d 1361 (8th Dist.1988). *Accord State v. Frazier*, 8th Dist. Cuyahoga No. 97178, 2012-Ohio-1198, ¶ 27.

**{¶27}** After reviewing the record, we find no basis to conclude that the trial court abused its discretion in denying counsel's motions to withdraw or appellant's requests for new counsel. The record does not reflect a complete breakdown in communications or irreconcilable conflict between appellant and counsel that jeopardized appellant's right to the effective assistance of

counsel. Despite appellant's assertion that counsel would not fight for him at trial, appointed counsel indicated that he was prepared and willing to go to trial during both the September 20, 2016 and December 15, 2016 hearings. Although appellant did not agree with counsel about how to proceed with the case, nor listen to counsel's recommendations, counsel complied with his duty to provide appellant with an honest and candid appraisal of his case. *See Hawkins*, 8th Dist. Cuyahoga No. 91930, 2009-Ohio-4368, at ¶ 65, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 150.

**{¶28}** "'Hostility, tension, or personal conflict between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify the withdrawal of appointed counsel.'" *State v. Crew*, 8th Dist. Cuyahoga No. 86943, 2006-Ohio-4102, ¶ 17, quoting *State v. Dykes*, 8th Dist. Cuyahoga No. 86148, 2005-Ohio-6636, ¶ 7. Although appointed counsel was clearly frustrated with appellant, and appellant clearly frustrated with counsel, there is no evidence in the record that the differences, conflict, or communication issues between the two prevented counsel from rendering effective assistance. The record reflects that counsel competently represented appellant by negotiating a plea agreement under which two out of the four counts in the indictment, third-degree felony gross sexual imposition and first-degree felony kidnapping, were nolled.

**{¶29}** Finally, appellant suggests that appointed counsel should have been allowed to withdraw because appellant was in the process of hiring new counsel. Appellant was free to retain counsel of his choosing at the outset of the criminal proceedings, but he did not do so. Appellant was declared indigent at his arraignment, and the trial court appointed counsel to represent him. Appellant's assertion that he was in the process of retaining private counsel to replace appointed counsel is entirely unsupported by the record.

**{¶30}** Based on the foregoing analysis, the trial court did not abuse its discretion in denying counsel's motions to withdraw or appellant's requests for new counsel. Appellant's first assignment of error is overruled.

### B. Motion to Withdraw Guilty Plea

**{¶31}** In his second assignment of error, appellant argues that his due process rights were violated when the trial court denied his requests to withdraw his guilty plea without holding a hearing.

> Crim.R. 32.1 allows a criminal defendant to motion the court to withdraw previously entered guilty pleas. Motions made prior to sentencing are governed by a liberal standard that should err on the side of granting withdrawal. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id*. A motion made after sentence is imposed requires a movant to demonstrate a manifest injustice that would result were the motion denied. Crim.R. 32.1. A defendant must demonstrate a "reasonable and legitimate basis for the withdrawal of the plea." *Xie* at *id*. "[D]espite the more lenient standard applicable to [presentence] motions, an appellate court will only reverse a denial of leave to withdraw when the trial court has abused its discretion." *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980).

*State v. Porch*, 8th Dist. Cuyahoga No. 105536, 2017-Ohio-8885, ¶ 11.

**{¶32}** This court has developed a nonexhaustive list of factors to consider in determining whether a trial court abused its discretion in ruling on a motion to withdraw a plea.

> A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Peterseim* at paragraph three of the syllabus.

**{¶33}** In the instant matter, during the January 12, 2017 hearing, defense counsel informed the trial court that appellant wanted to withdraw his guilty plea. Counsel explained that he had

concerns about appellant's mental and physical health, and requested that appellant be referred for a psychological evaluation. The trial court gave the state an opportunity to respond to defense counsel's statements that appellant should be referred for a psychological evaluation and that he wanted to withdraw his plea.

{¶34} The prosecutor stated that this case is appellant's sixth criminal case, and that there was no indication that appellant had any mental health problems when he was sentenced to prison three years earlier, nor when appellant was incarcerated and applied for judicial release.[2] The prosecutor explained that there was no indication that appellant had any mental health issues when the bench trial commenced on December 15, 2016. The prosecutor opined that appellant was trying to "obfuscate" the trial court's denial of counsel's motions to withdraw. The prosecutor argued that referring appellant for a mental or psychological evaluation would be nothing more than a tactic to delay the imposition of sentence. Accordingly, the state objected to a referral for a psychological evaluation. Finally, the state asserted that a formal motion to withdraw appellant's guilty plea was not filed, nor any basis for withdrawing the guilty plea.

{¶35} Appellant addressed the trial court during the January 12, 2017 hearing. He asserted that he wanted to withdraw his guilty plea. In support of his request, appellant stated that he was diagnosed with depression and pancreatitis in November 2015, he wanted a new attorney, and he had not seen any evidence.

{¶36} The trial court explained that appellant decided to plead guilty mid-trial. In response, appellant alleged that he was forced to plead guilty. The trial court rejected appellant's assertion, emphasizing that appellant voluntarily pled guilty and that he was not forced to do so.

---

[2] Cuyahoga C.P. No. CR-13-578539-B.

Nevertheless, the trial court stated that it would address appellant's request to withdraw his plea if he presented actual evidence that someone forced him to do so.

{¶37} Appellant asserted that he was promised that he was "going to get a misdemeanor." (Tr. 135.) The trial court explained that appellant was indicted with a felony rape offense.3

{¶38} Thereafter, counsel filed a motion to vacate appellant's guilty plea on February 21, 2017. Therein, appellant asserted that he was not informed that by pleading guilty, he would be required to register as a sex offender for life, and that had he been informed of these reporting requirements, he would not have pled guilty.

{¶39} During the March 6, 2016 hearing, defense counsel informed the trial court that appellant filed a motion to vacate his guilty plea. In response, the trial court stated that "I think we went through that the last time [during the January 12, 2017 hearing]," and "I'm not going to do it again." The trial court explained, "In the middle of trial [appellant] — I went through everything. We did a full [colloquy] in terms of his rights, the potential charges, the maximum penalties and everything else. [Appellant] chose to plead mid-trial. He was fully advised of his rights." (Tr. 142.)

{¶40} In the instant appeal, appellant argues that he should have been permitted to withdraw his guilty plea because (1) "[i]t was obvious [he] had mental problems" and he had been referred for a psychiatric evaluation, (2) the trial court ignored his assertion that he was promised a minimum sentence, and (3) defense counsel made conflicting promises to him. Furthermore, appellant appears to contend that his plea was not knowingly and voluntarily entered because he was not

---

3 Although the trial court asserted that appellant was charged with "F-1 rape," appellant was charged in Count 1 with attempted rape, a second-degree felony. (Tr. 135.)

given proper advice by counsel.    We disagree.

{¶41} First, regarding appellant's mental health, counsel did not raise his concerns about appellant's mental health until the January 12, 2017 sentencing hearing.    Neither counsel nor appellant indicated that appellant had any mental health issues when he pled guilty on December 15, 2016.    When appellant was referred for an evaluation, the court psychiatric clinic concluded that appellant did not have any mental health conditions that affected his ability to understand or participate in the criminal proceedings and that appellant was malingering.

{¶42} Second, appellant's argument that the trial court ignored his assertion that he was promised a minimum sentence is entirely unsupported by the record.    The trial court addressed appellant's statement that he had been promised a minimum sentence on two separate occasions, explained that the trial court has discretion to impose a sentence within the permissible statutory ranges set forth for the offenses to which appellant pled guilty, and confirmed that appellant understood that there was no promise that he would receive a particular sentence.

{¶43} Third, appellant does not specify what "conflicting promises" that counsel made to him that affected the knowing, voluntary, and intelligent nature of his plea.    To the extent that appellant is referring to the fact that he was promised a minimum sentence, the trial court explained that there was no guarantee that he would, in fact, receive a minimum sentence.    Nor is there any evidence in the record that counsel made such a promise to appellant.

{¶44} During the December 15, 2016 hearing, appellant's counsel explained that he mistakenly advised appellant that the disrupting public services offense charged in Count 4 was a misdemeanor, rather than a fourth-degree felony.    To the extent that appellant is referring to counsel's mistake in arguing that counsel made "conflicting promises" to him, the record reflects that counsel identified and corrected his mistake before appellant pled guilty.    Furthermore,

both the prosecution and the trial court properly identified Count 4 as a fourth-degree felony when setting forth the terms of the plea agreement. Thus, counsel's incorrect advice about the degree of the disrupting public services offense does not affect the knowing, intelligent, and voluntary nature of appellant's guilty plea.

{¶45} In applying the *Peterseim* factors to this case, we cannot say that the trial court abused its discretion by denying appellant's motion and requests to withdraw his guilty plea. Regarding the first factor, the record reflects that appellant was represented by highly competent counsel. Counsel negotiated a plea agreement with the state under which the state agreed to nolle the third-degree felony gross sexual imposition count and the first-degree felony kidnapping count.

{¶46} Regarding the second factor, the record reflects that the trial court conducted a thorough Crim.R. 11 plea colloquy with appellant. The trial court addressed appellant's assertion that he was promised a minimum sentence and explained that there was no guarantee that appellant would receive a particular sentence.

{¶47} Regarding the third factor, although appellant had not filed a written motion to withdraw his guilty plea at the time of the January 12, 2017 hearing, the record reflects that the trial court afforded appellant a full hearing on his request to withdraw his guilty plea. The trial court allowed appellant and his counsel to set forth any grounds for withdrawal, and addressed the reasons that defense counsel and appellant presented. Appellant's statement that he was forced into pleading guilty is entirely unsupported by the record, and appellant failed to produce any evidence in support of his assertion.

{¶48} Regarding the fourth factor, the record reflects that the trial court gave appellant's request to withdraw his guilty plea full and fair consideration. We recognize that the trial court

asserted that it would not consider appellant's request to withdraw his guilty plea during the January 12, 2017 hearing. Despite this assertion, the record reflects that the trial court did, in fact, give consideration to the plea withdrawal request. After defense counsel raised the issue, the trial court gave defense counsel, the prosecutor, and appellant an opportunity to address the plea withdrawal request. The trial court addressed appellant's assertions about being forced to plead guilty and that he had not seen any evidence. The court noted that appellant chose to plead guilty "mid-trial," presumably recognizing that appellant made the choice to plead guilty after listening to the testimony of the state's witnesses. Similarly, when defense counsel raised the issue during the March 6, 2017 hearing, the trial court reiterated that appellant, in the middle of the bench trial, chose to plead guilty after being fully advised of his rights, the nature of the charges, and the maximum penalties he faced. (Tr. 142.)

{¶49} The following additional factors can also be considered when reviewing a trial court's decision on a motion to withdraw a guilty plea: "(1) whether the motion was made in a reasonable time; (2) whether the motion states specific reasons for withdrawal; (3) whether the defendant understood the nature of the charges and the possible penalties and (4) whether the defendant was perhaps not guilty or had evidence of a plausible defense." *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 19, citing *State v. Pannell*, 8th Dist. Cuyahoga No. 89352, 2008-Ohio-956, ¶ 13, and *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677.

{¶50} The additional factors do not aid appellant. First, appellant's motion was not timely filed. Appellant orally requested to withdraw his guilty plea one month after entering the plea and on the date of the sentencing hearing, January 12, 2017. Appellant's written motion to withdraw was filed two months after he entered the plea on February 21, 2017.

{¶51} Second, the specific reasons for withdrawal set forth during the January 12, 2017 hearing were appellant's November 2015 depression and pancreatitis diagnoses, appellant wanted a new attorney, appellant had not seen any evidence, appellant was forced to plead guilty, and appellant was promised a misdemeanor. On the other hand, the specific reason for withdrawal set forth in the February 21, 2017 motion was that appellant was not advised of his registration requirements as a Tier III sex offender. Appellant's vague assertions that he was forced to enter the guilty plea, had not seen any evidence, and was promised a minimum sentence lack evidentiary support.

{¶52} Third, the transcript demonstrates that appellant fully understood the nature of the charges, the penalties, and the details of the plea agreement worked out with the state. Although defense counsel misinformed appellant that Count 4 was a misdemeanor, counsel's mistake was corrected before appellant pled guilty. The trial court also explained that there was no guarantee that appellant would receive a minimum sentence.

{¶53} Fourth, appellant did not present evidence of a plausible defense. He did not offer any real defense to the charges against him.

{¶54} Based on the foregoing analysis, we find that the trial court did not abuse its discretion in denying appellant's motion and requests to withdraw his guilty plea. The record supports the trial court's conclusion that appellant failed to demonstrate any legitimate basis for withdrawing his plea. Accordingly, appellant's second assignment of error is overruled.

## C. Competency Evaluation

{¶55} In his third assignment of error, appellant argues that his due process rights were violated when the trial court failed to discuss the results of his psychological/competency evaluation on the record.

**{¶56}** The issue of appellant's competency was not raised before trial, nor during the December 15, 2016 hearing, during which a bench trial commenced and appellant decided to plead guilty. Appellant's counsel raised his concerns about appellant's mental health for the first time during the sentencing hearing on January 12, 2017. Based on counsel's concerns, the trial court referred appellant to Northcoast Behavioral Healthcare for a competency evaluation.

**{¶57}** Contrary to appellant's assertion that the trial court failed to discuss the results of his competency evaluation, the record reflects that the trial court discussed the results of the evaluation during the March 6, 2017 hearing. The trial court indicated that the court psychiatric clinic completed a report on February 24, 2017, which "indicated that [appellant] is malingering and does not have a present mental condition that causes him to be unable to understand the nature and objective of the legal proceeding against him and assist in his defense." (Tr. 140.) Accordingly, appellant's due process rights were not violated with respect to the results of the competency evaluation.

**{¶58}** Furthermore, during the March 27, 2017 sentencing hearing, the state, defense counsel, and appellant stipulated to the court psychiatric clinic's report. This court has held that the competency issue can be waived by the parties in a criminal proceeding. *State v. Lewis*, 2017-Ohio-461, 84 N.E.3d 294, ¶ 29 (8th Dist.), citing *State v. Asadi-Ousley*, 8th Dist. Cuyahoga No. 96668, 2012-Ohio-106, ¶ 10. "[W]here a defendant stipulates to competency, a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G)." *Asadi-Ousley* at ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 6.

**{¶59}** Based on the foregoing analysis, appellant's third assignment of error is overruled.

### D. Appellant's Requests

{¶60} In his fourth assignment of error, appellant argues that his due process rights were violated when the trial court disregarded his requests for new counsel and to withdraw his guilty plea. These arguments have already been addressed in the analysis of appellant's first and second assignments of error. Furthermore, as noted above, the record reflects that the trial court did not ignore appellant's requests for new counsel or to withdraw his guilty plea. Rather, the trial court considered the requests, heard arguments from the parties, and denied the requests. Accordingly, appellant's fourth assignment of error is overruled.

### III. Conclusion

{¶61} After thoroughly reviewing the record, we affirm appellant's convictions. Appellant was not denied his constitutional right to counsel, and the trial court did not abuse its discretion in denying appellant's requests for new counsel or counsel's motions to withdraw; the trial court did not abuse its discretion in denying appellant's motion and requests to withdraw his guilty plea. Appellant's due process rights were not violated with respect to the results of appellant's psychological/competency evaluation.

{¶62} Judgment affirmed.

It is ordered that appellee recover of appellant said costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR